

**ORDERED in the Southern District of Florida on January 15, 2016.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

```
                  UNITED STATES BANKRUPTCY COURT
                   SOUTHERN DISTRICT OF FLORIDA
_____
                              )
In re                         )   CASE NO. 14-32872-RAM
                              )   CHAPTER  7
DEBJIT RUDRA,                 )
                              )
            Debtor.           )
_____)
                              )
DEBJIT RUDRA,                 )
                              )
            Plaintiff,        )
                              )
vs.                           )   ADV. NO. 15-1585-RAM-A
                              )
JOSE L. ROSSI, et al.,        )
                              )
            Defendants.       )
_____)
```

ORDER (1) DENYING
MOTIONS TO DISMISS; (2) DENYING
MOTION FOR DEFAULT JUDGMENT; AND (3)
<u>REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT</u>

This is an adversary proceeding seeking to discharge the debts held by certain creditors who were not scheduled in the main bankruptcy case of the debtor and plaintiff, Debjit Rudra ("Plaintiff"). The original Complaint was filed on September 1, 2015.

Following a hearing on October 20, 2015, the Court entered its Order Denying Plaintiff's Motion to Strike, Dismissing Complaint Without Prejudice, Setting Deadline to File Amended Complaint and Resetting Pretrial Conference (the "Nov. 12th Order") [DE# 23]. That Order dismissed the Complaint without prejudice and directed Plaintiff to file an Amended Complaint by December 7, 2015. That deadline was extended until December 22, 2015 by this Court's December 8, 2015 Order Granting Extension of Time [DE# 33].

On December 21, 2015, Plaintiff timely filed his Amended Adversarial Complaint to Determine Dischargeability Pursuant to 11 U.S.C. § 523(a) (the "Amended Complaint") [DE# 40]. Through the original Complaint and the Amended Complaint, it appears that Plaintiff is seeking to discharge any prepetition debt that may be claimed by Jose L. Rossi ("Rossi"), Ronald Uztariz ("Uztariz"), J.A. Zidell, P.A. ("Zidell"), David Chonin, P.A. ("Chonin"), Leidy Ordonez ("Ordonez") and Natasha Mendez ("Mendez"). However, the Plaintiff needs to clarify in a Second

Amended Complaint the exact names of the parties he believes hold prepetition debts that he seeks to discharge. In particular, he needs to clarify whether the Chonin debt is held by Mr. Chonin individually, or by David Chonin, P.A.

Defendants Chonin, Ordonez, and Mendez did not respond to the original Complaint or to the Amended Complaint and the Plaintiff has separately filed a Motion for Default Judgment against those Defendants. That motion will be denied because the Plaintiff has not properly served these individuals. Moreover, upon review of Plaintiff's Amended Schedule F filed in the main case [DE# 48 in Case No. 14-32872], the Debtor does not list Ordonez or Mendez as creditors.

This Order also addresses motions to dismiss the Amended Complaint filed by the remaining Defendants, specifically:

A.    Defendant J.H. Zidell, P.A.'s Motion to Dismiss Amended Adversarial Complaint ("Zidell's Motion to Dismiss") [DE# 44];

B.    Defendant Jose L. Rossi's Renewed Motion to Dismiss Adversarial Complaint ("Rossi's Motion to Dismiss") [DE# 45];

C.    Defendant Ronald Uztariz's Motion to Dismiss Amended Adversarial Complaint ("Uztariz's Motion to Dismiss") [DE# 46]; and

D. J.H. Zidell P.A.'s Motion to Dismiss Amended Adversarial Complaint or in the Alternative a Motion for More Definite Statement ("Zidell's Motion to Dismiss or for More Definite Statement") [DE# 51].

The four motions will be collectively referred to in this Order as the "Motions to Dismiss."

## Discussion

The Motions to Dismiss will be denied. The Plaintiff filed his Amended Complaint timely so the timeliness argument is overruled. The Defendants' allegations of improper service are also overruled. As described in the Nov. 12th Order, Defendants' attorney, Steven Fraser, agreed at the October 20th hearing that he would accept service of the Amended Complaint on behalf of Zidell, Rossi, and Uztariz. Although the Court is denying the Motions to Dismiss, Plaintiff will be directed to include in his Second Amended Complaint a more specific description of the debts owed to these Defendants.

## Specific Requirements for a Second Amended Complaint

The Plaintiff is trying to discharge the prepetition debts of parties that were not properly scheduled or noticed in his bankruptcy case. To accomplish this, Plaintiff needs to further amend his schedules to include all of the additional creditors. Zidell, Rossi, and Uztariz are included in the Amended Schedule

F as well as the "Law Office of David Chonin" which the Court assumes refers to David Chonin, P.A.  As noted earlier, Ordonez and Mendez are not named in the Amended Schedule F.

Plaintiff must also file a Second Amended Complaint naming each of the Defendants.  Chonin, Mendez, and Ordonez were listed in the original Complaint, but not referred to in the Amended Complaint.  Since Chonin, Mendez, and Ordonez were not properly served, they should be put back in as defendants in the Second Amended Complaint.

To obtain the relief he seeks, Plaintiff must also properly serve the Second Amended Complaint and Summons directly on Chonin, Mendez, and Ordonez.  Mr. Chonin may have represented Mendez and Ordonez in the district court lawsuit giving rise to their claims, but he is not counsel of record for them in this proceeding.  Therefore, Mendez and Ordonez must be served directly, not in care of Chonin.  As noted earlier, Attorney Steven Fraser has agreed to accept service on behalf of Zidell, Rossi and Uztariz, so service of the Second Amended Complaint on these Defendants will be proper if the Second Amended Complaint is mailed to Mr. Fraser.

### Contents of the Second Amended Complaint

The Court's Nov. 12th Order, described earlier [DE# 23], required Plaintiff to name each Defendant "in a separate count

describing the debt or alleged debt owed to that Defendant by the Plaintiff." That requirement is reiterated here. The Amended Complaint includes a general allegation that none of the debts are subject to exception from discharge under 11 U.S.C. § 523. That allegation should be repeated in each count of the Second Amended Complaint.

Finally, the Plaintiff is ordered to <u>exclude</u> from the Second Amended Complaint, the allegations in subparagraphs (a), (b) and (c), under the subject heading Prayer for Relief and Sanctions on pages 3 and 4 of the Amended Complaint. Those allegations are not relevant to this proceeding. The prayer for relief should include only the relief sought in subparagraphs (d), (e) and (f) on page 4 of the Amended Complaint seeking to discharge the debts and seeking release of certain garnished funds.

Based upon the foregoing, it is –

**ORDERED** as follows:

1. The Motions to Dismiss are denied.

2. The Motion for Default Judgment is denied.

3. By <u>February 16, 2016</u>, Plaintiff shall file a Second Amended Complaint conforming to the requirements of this Order.

4. By February 16, 2016, Plaintiff shall also file a Second Amended Schedule F in the main case adding and describing the debts owed to Ordonez and Mendez.

5. The Clerk of Court is directed to issue an Alias Summons for Defendants Chonin, Mendez, and Ordonez if they are included as Defendants in the Second Amended Complaint.

6. The previously scheduled pretrial conference on February 4, 2016 is cancelled. A new pretrial date will be scheduled in the Alias Summons.

7. Plaintiff may serve the Second Amended Complaint on Defendants Zidell, Rossi, and Uztariz by mailing a copy to Attorney Steven Fraser. Each of the remaining Defendants (presumably, Chonin, Mendez, and Ordonez) must be separately served pursuant to Rule 7004, Fed.R.Bankr.P.

8. The Answer and Affirmative Defenses filed by any Defendant shall include, as affirmative defenses any legal basis under § 523(a)(2), (a)(4) or (a)(6) of the Bankruptcy Code for excepting from discharge the prepetition debts described in the Second Amended Complaint. The Defendants may also include a request that discharge of the debts be conditioned upon Plaintiff paying reasonable attorney's fees and expenses if the Defendant incurred fees and expenses seeking to collect the debt

before receiving notice of this bankruptcy case.

###

COPIES FURNISHED TO:

Debjit Rudra (Plaintiff)
16915 SW 94th Court
Palmetto Bay, FL  33157

Steven C. Fraser, Esq. (Counsel for Defendants Zidell, P.A., Rossi and Uztariz)