

**ORDERED in the Southern District of Florida on November 12, 2015.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

```
_____
                              )
In re                         )    CASE NO. 14-32872-RAM
                              )    CHAPTER  7
DEBJIT RUDRA,                 )
                              )
          Debtor.             )
_____)
                              )
DEBJIT RUDRA,                 )
                              )
          Plaintiff,          )
                              )
vs.                           )    ADV. NO. 15-1585-RAM-A
                              )
JOSE L. ROSSI, et al.,        )
                              )
          Defendants.         )
_____)
```

**ORDER DECLARING THAT PATRICK
BALL'S PREPETITION CLAIMS ARE DISCHARGED
AND DISMISSING COMPLAINT AGAINST BALL AS MOOT**

Debjit Rudra ("Plaintiff" or "Debtor") has filed a Motion to Add Omitted Creditors with Conditions to Drop Adversarial Complaint (the "Motion") [DE# 55 in the main case]. The Debtor argues that Defendant, Patrick Ball ("Ball"), received actual notice of the filing of Debtor's chapter 7 case and therefore, Ball's prepetition claims against him should be deemed discharged. He argues further that if Ball's claims are deemed discharged and Ball is enjoined from prosecuting his state court lawsuit against him, this adversary proceeding can be dismissed.

Ball has filed a Supplement to Defendant, Patrick Ball's Motion to Dismiss for Failure to State a Claim Upon Which Relief may be Granted and/or to Strike ("Ball's Response") [DE# 21 in Adv. No. 15-1585]. Ball argues that his claims should not be discharged because he was not listed on the Debtor's schedules or matrix of creditors and therefore did not receive notice from the Court that the Debtor filed this bankruptcy case. Ball also argues that he was intentionally omitted from the Debtor's schedules and matrix and that for this additional reason, his claims should not be discharged.

Upon review of the Motion, the attachments to the Motion, Ball's Response, and the documents filed in the main bankruptcy case, and after consideration of applicable law, the Court finds that the Motion should be granted. Simply stated, Ball had

2

actual notice of the bankruptcy case and therefore, his prepetition claims against the Debtor have been discharged.

Although Mr. Ball did not receive the Clerk's Notice, Debtor's counsel, Vincent O'Brien, Esq., filed a Suggestion of Bankruptcy in the Ball State Court Case on October 30, 2014 (A copy of the Suggestion of Bankruptcy is attached as an exhibit to the Debtor's Motion). At a hearing in this case on October 20, 2014, Ball admitted that he received the Suggestion of Bankruptcy. Therefore, Ball had actual knowledge of the bankruptcy case with sufficient time to file a complaint seeking to except from discharge the defamation claims asserted in the Ball State Court Case.

### Discussion

The law in the Eleventh Circuit regarding discharge of unscheduled debts to creditors with actual notice of a bankruptcy filing is well settled. *In re Alton*, 837 F.2d 457 (11th Cir. 1998). In *Alton*, like in this case, the debtor was a defendant in a lawsuit by a creditor named Byrd, when his chapter 11 bankruptcy petition was filed. Byrd was not listed in Alton's schedules but three weeks after the case was filed, Alton provided notice of the bankruptcy filing to Byrd's attorney. After the deadline for filing complaints objecting to dischargeability of debts expired, Byrd sought an extension. He

3

argued that because he was not listed as a creditor and did not receive notice of the deadline, the deadline should not be applied to him and he should be allowed to challenge the dischargeability of his claims.

The Eleventh Circuit rejected creditor Byrd's argument stating:

> The statutory language clearly contemplates that mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates.

837 F.2d at 460.

The *Alton* decision has been followed and applied by lower courts in this circuit in discharging the claims of omitted creditors who had actual notice of the bankruptcy case. *See e.g. In re Barnes*, 326 B.R. 832 (Bankr. M.D. Fla. 2005) (discharging debtor's personal liability to creditor who was not properly scheduled because the creditor's lawyer received notice of the filing).

Application of the law to the facts here mandates a result in favor of the Debtor. Ball acknowledged that he received the Suggestion of Bankruptcy filed in the Ball State Court Case. As such, like the creditors in *Alton* and *Barnes*, he had notice of the bankruptcy case in time to determine the applicable

4

deadlines and file a complaint seeking to except his prepetition defamation claims from discharge.

Section 523(a)(3) of the Bankruptcy Code also compels a decision discharging Ball's claims. That section excepts from discharge debts that are not listed or scheduled "unless such creditor had notice or actual knowledge of the case in time [to timely request a determination of dischargeability]." The actual notice exception to the exception from discharge in § 523(a)(3) applies here. Ball had notice of the bankruptcy soon after it was filed when he received the Suggestion of Bankruptcy. He unquestionably had adequate time to check the bankruptcy docket or contact Debtor's counsel in order to learn of, and comply with, the January 20, 2015 deadline to file a complaint objecting to the Debtor's discharge or objecting to the dischargeability of his defamation claims.

## Conclusion

Finally, the Court rejects Ball's argument that he was deliberately left off the Debtor's schedules and creditor matrix. Although not scheduled as a creditor, the Ball State Court Case was listed as a pending lawsuit in answer to question 4 in the Debtor's his Statement of Financial Affairs [DE# 1, p. 27 in the main case] and, as described earlier, a Suggestion of Bankruptcy was filed by Debtor's counsel in the Ball State Court

5

Case. These undisputed facts refute any possible finding that the Debtor or his counsel were trying to hide the bankruptcy filing. Therefore, it is –

**ORDERED** as follows:

1. The Motion is granted.

2. All prepetition claims Ball has asserted or could assert against the Debtor have been discharged by the discharge issued in this case on April 6, 2005, including all of the claims asserted in the Ball State Court Case.

3. Pursuant to the discharge injunction in 11 U.S.C. § 524, Ball is enjoined from prosecuting the Ball State Court Case and from initiating or continuing any proceeding against the Debtor arising from prepetition claims.

4. This Order is not a one-way street. The Debtor is also enjoined from seeking any relief from Ball in connection with the Ball State Court Case other than to seek enforcement of the discharge injunction in this Court. Based upon the record, the Court will not consider any request for sanctions against Ball for prosecuting the Ball State Court Case.

5. Because Ball's claims are discharged, there is no need for the Debtor to proceed with this adversary proceeding and the Complaint against Ball is dismissed as moot.

6. By separate Order, the Debtor is directed to file an Amended Complaint against certain other Defendants. The Amended Complaint should delete Ball as a named Defendant and eliminate all allegations against Ball.

7. This Order will be docketed in this adversary proceeding and in the main case.

###

COPIES FURNISHED TO:

Debjit Rudra (Plaintiff)
16915 SW 94th Court
Palmetto Bay, FL  33157

Patrick K. Ball (Co-Defendant)
9310 SW 57th Terrace
Miami, FL  33173

Steven C. Fraser, Esq. (Counsel for Defendants Zidell, P.A., Rossi and Uztariz)